UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STEVEN PROTO, | : | |
| | : | |
| PLAINTIFF, | : | |
| | : | |
| VS. | : | NO. |
| | : | |
| DAVID CARI, EDMUND VECELLIO, | : | |
| KEVIN KLARMAN, JUSTIN BROCHU, | : | |
| and the TOWN OF EAST HAVEN, | : | |
| | : | |
| DEFENDANTS. | : | SEPTEMBER 16, 2011 |

## C O M P L A I N T

1. This is an action for money damages to redress the deprivation by the defendants of rights secured to the plaintiffs by the Constitution and laws of the United States and the State of Connecticut.  The defendant police officers subjected the plaintiff to unreasonable force, assault and battery and the intentional infliction of emotional distress, in contravention of the Constitution and laws of the United States and the Constitution and laws of the State of Connecticut, invoked under this Court's supplementary jurisdiction.  The defendant Town has incurred municipal liability for the constitutional violations of the individual defendants.

2. Jurisdiction of this Court is invoked under the provisions of Sections 1331, 1343(3) and 1367(a) of Title 28 and Sections 1983 and 1988 of Title 42 of the United States Code.

3. During all times mentioned in this action, the plaintiff, STEVEN PROTO was a citizen of the United States residing in East Haven, Connecticut.

4. During all times mentioned in this action, the defendant DAVID CARI was a duly appointed officer of the East Haven, Connecticut Police Department, acting in his official capacity.  He is sued, however, only in his individual capacity.

5. During all times mentioned in this action, the defendant EDMUND VECELLIO was a duly appointed officer of the East Haven, Connecticut Police Department, acting in his official capacity.  He is sued, however, only in his individual capacity.

6. During all times mentioned in this action, the defendant KEVIN KLARMAN was a duly appointed officer of the East Haven, Connecticut Police Department, acting in his official capacity.  He is sued, however, only in his individual capacity.

7. During all times mentioned in this action, the defendant JUSTIN BROCHU was a duly appointed officer of the East Haven, Connecticut Police Department, acting in his official capacity.  He is sued, however, only in his individual capacity.

8. During all times mentioned in this Complaint, the defendants CARI, VECELLIO, KLARMAN, and BROCHU were acting under color of law, that is, under color of the Constitution, statutes, laws, charter, ordinances, rules, regulations, customs and usages of the United States, the State of Connecticut, and the Town of East Haven.

9. The defendants acted intentionally or recklessly.

10. At all times relevant to the instant complaint, the defendant Cari was a member of the East Haven Police Canine Unit. The defendant Cari is the handler and "partner" of "Daro", a police trained German Shepard canine imported from Czechoslovakia (sic).

11. Defendant Cari is trained to handle and uses police canines in the pursuit and apprehension of persons. The German Shepard "Daro" is trained in "tracking and man trailing" as well as apprehending persons by attacking, biting, subduing and restraining them.

12. In the afternoon hours of January 27, 2010, the defendant Cari and canine Daro, accompanied by defendants Klarman and Brochu, confronted the plaintiff.

13. Defendant Cari ordered the plaintiff to stop and show his hands, and the plaintiff complied.

14. Despite the plaintiff's compliance, the defendant Cari threatened to release the canine, and threatened the plaintiff that he would be bitten.

15. At the time of defendant Cari's threats, the plaintiff was moving slowly, and not running.

16. Nevertheless, the defendant Cari released the canine and ordered it to bite the plaintiff.

17. Although present and able to do so, the defendants Klarman, Brochu and Vecellio did not intervene to prevent Cari's canine attack upon the plaintiff.

18.  Although able to do so, the defendants did not apprehend the plaintiff using less force than subjecting him to the attack of the trained canine.

19.  Thereafter, the canine violently attacked and bit the plaintiff, taking him immediately to the ground and causing him severe injury.

20.  In being taken to the ground, the plaintiff struck his head on the steps of the porch upon which he was standing when attacked.

21.  At this time, both the plaintiff's leg and head were severely injured, and the plaintiff was subdued.

22.  Nevertheless, the defendants allowed the canine to drag the plaintiff back onto the porch and continue to attack and injure him further.

23.  After the canine stopped biting and dragging the plaintiff, defendant Cari commanded the canine to bite the plaintiff again.

24.  The defendant did so because he was angry that the plaintiff attempted to defend himself from the attack of the canine by waving his hands.

25.  Still present and able to do so, the defendants Klarman, Brochu and Vecellio did not intervene to prevent Cari's further canine attack upon the plaintiff.

26.  During this attack by the canine, defendant Cari jumped on the plaintiff's back, pinning him face down on the ground, immobilizing his left arm beneath his body, held down by his and defendant Cari's body weight.

27.  During Cari's attack, the canine was biting the back if the plaintiff's leg.

28. Although the plaintiff was subdued and profoundly injured, the defendants Klarman and Brochu joined in, and physically attacked the plaintiff.  Only after this did the defendants finally put the plaintiff in handcuffs.

29. The wounds and injuries inflicted upon the plaintiff were so severe that he required transportation from the scene by ambulance to Yale Hew Haven Hospital.

30. At the time he was being transported to Yale New Haven Hospital, the plaintiff had a five (5) inch laceration under his chin, a hematoma over his left eye, multiple lacerations to his face, blood in his nose, mouth and ears, multiple lacerations and punctures on his legs from dogbite, and another five (5) inch laceration almost to the bone above his left knee.

31. Upon arrival at Yale New Haven Hospital, the plaintiff's was required to undergo surgical repair of his facial lacerations, and was treated by, inter alia, physicians from the Emergency Department, the Ear, Nose and Throat Department and the Opthalmology Department.  The force inflicted upon the plaintiff was such that the physicians performed CT scans upon him to determine whether he sustained any fractures to his facial bones.

32. The plaintiff was taken to the operating room for debridement and surgical repair of his profound injuries to his left knee and to his right leg.  The bite dog bite wounds to the plaintiff's left knee penetrated the knee joint, requiring copious irrigation to prevent infection.  Using the tear wound caused by the canine, the surgeons were

required to extend the laceration, expose the entire knee joint, and clean and repair the wounds.  A large hemovac drain was installed, and the plaintiff's knee immobilized. Surgical intervention, irrigation to prevent infection and surgical repair was also necessary to treat the myriad of wounds to the plaintiff's right leg.

33. The force used by the defendants upon the plaintiff was unreasonable and excessive.

34. At no time did the plaintiff offer any resistance to or interfere with the defendants in any way.

35. As a consequence of the actions of the defendants, the plaintiff has suffered, inter alia, severe physical injury, harm, bleeding, swelling, bruising, cuts, scrapes and swelling, and has suffered great terror, fear, humiliation, indignity, anxiety, stress, emotional and mental upset, injury, and severe pain and suffering.

36. In the manner described above, the defendants subjected the plaintiff to unreasonable force in violation of his rights under the Fourth and Fourteenth Amendments to the United States Constitution.

**COUNT TWO**

1.-34. Paragraphs 1-34 of Count One are hereby made Paragraphs 1-34 of Count Two.

35. The defendant Town of East Haven is the highest policy setting authority on matters related to the instant complaint, including, inter alia the hiring, training,

supervision, investigation and discipline of its police personnel, including the plaintiff and all defendants.

36. A municipal policy or custom exists in the defendant Town of East Haven as a result of the municipality's deliberate indifference to the violation of constitutional rights.

37. The actions and conduct of the defendant Town of East Haven evidence an official policy or custom which has caused the plaintiff to be subjected to a denial of one or more of his constitutional rights.

38. As such, the defendant Town of East Haven has incurred municipal liability.

39. As a consequence of the actions of the defendants, the plaintiff has suffered, inter alia, severe physical injury, harm, bleeding, swelling, bruising, cuts, scrapes and swelling, and has suffered great terror, fear, humiliation, indignity, anxiety, stress, emotional and mental upset, injury, and severe pain and suffering.

**COUNT THREE**

1.-34. Paragraphs 1-34 of Count One are hereby made Paragraphs 1-34 of Count Three.

35. The actions of the defendants Cari, Klarman, Brochu and Vecellio constitute assault and battery.

36. As a consequence of the actions of the defendants, the plaintiff has suffered, inter alia, severe physical injury, harm, bleeding, swelling, bruising, cuts,

scrapes and swelling, and has suffered great terror, fear, humiliation, indignity, anxiety, stress, emotional and mental upset, injury, and severe pain and suffering.

**COUNT FOUR**

1.-34.  Paragraphs 1-34 of Count One are hereby made Paragraphs 1-34 of Count Four.

35.  The actions of the defendants were intentional.

36.  The actions of the defendants were extreme and outrageous.

37.  The actions of the defendants were intended to cause severe emotional distress.

38.  As a direct and proximate result of the acts of the defendants as described herein the plaintiff has suffered severe emotional distress.

39.  The actions of the defendants Cari, Klarman, Brochu and Vecellio constitute the intentional infliction of emotional distress.

**WHEREFORE**, the plaintiff claims judgment against the defendants as follows:

A.  Compensatory damages;

B.  Punitive damages;

C.  Double and treble damages;

D.  Attorney fees and the costs of this action;

E.  Such other relief as this Court shall consider to be fair and equitable.

**CLAIM FOR JURY TRIAL**

The plaintiff claims trial by jury of all issues in this case.

                THE PLAINTIFF


      BY_____/s/_____
              WILLIAM S. PALMIERI
              Law Offices of William S. Palmieri, L.L.C.
              Federal Bar No. ct14361
              129 Church Street,  Suite 405
              New Haven, CT 06510
              (203) 562-3100
              FAX:  (203) 909-6006
              His  Attorney