UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STEVEN PROTO, | : | |
| | : | |
| PLAINTIFF, | : | |
| | : | |
| VS. | : | NO. 3:11cv01456(MRK) |
| | : | |
| DAVID CARI, EDMUND VECELLIO, | : | |
| KEVIN KLARMAN, JUSTIN BROCHU, | : | |
| and the TOWN OF EAST HAVEN, | : | |
| | : | |
| DEFENDANTS. | : | MAY 7, 2012 |

**PLAINTIFF'S OBJECTION TO DEFENDANT CARI'S
MOTION TO STAY DISCOVERY AND PROCEEDINGS**

The plaintiff, Steven Proto, hereby respectfully submits his Objection to defendant Cari's Motion to Stay Discovery and Proceedings in the instant matter.

In a very recent decision, the Second Circuit has reaffirmed that a stay as sought by defendant Cari is not constitutionally mandated, nor required under the "interests of justice" analysis.

For the reasons set forth below, the Motion must be denied, and discovery and all proceedings in this matter must move forward.

**I. ARGUMENT AND FACTS**

A single defendant, Cari, has moved to globally halt this civil action alleging the use of excessive force against several defendants. The basis for defendant Cari's

1

motion is that he has been indicted subsequent to the filing of the plaintiff's action, on charges *unrelated to the incidents in the plaintiff's Complaint.*  It is undisputed that the remaining defendants Vecellio, Klarman, Brochu and Town of East Haven have not been indicted.

In a very recently decided case, the Second Circuit Court of Appeals has reiterated that "A defendant has no absolute right not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege." Louis Vuitton Malletier S.A. v. LY USA, Inc., --- F.3d ----, 2012 WL 1034900 (C.A.2 (N.Y.), citing Keating v. Office of Thrift Supervision, 45 F.3d 322, 326 (9th Cir.1995),  "A stay of [a] civil case" to permit conclusion of a related criminal prosecution has been characterized as "an extraordinary remedy." Trs. of Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc., 886 F.Supp. 1134, 1139 (S.D.N.Y.1995).  The "Constitution rarely, if ever, requires such a stay." Louis Vuitton, 2012 WL 1034900 at 11-12, citing Kashi v. Gratsos, 790 F.2d 1050, 1057 (2d Cir.1986) "The Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings."  Id., quoting SEC v. Dresser Indus., 628 F.2d 1368, 1372 (D.C.Cir.1980) (en banc); accord United States v. Int'l Bhd. of Teamsters, 247 F.3d 370, 388 (2d Cir.2001);  Nosik v. Singe, 40 F.3d 592, 596 (2d Cir.1994).

In Louis Vuitton, the defendants in the civil action were indicted *for the identical conduct which was the subject of the civil action.*  Louis Vuitton, supra at 1-9.  In

addition to defending parallel, simultaneous civil and criminal actions on the identical conduct, the defendants in Louis Vuitton further were subjected to the seizure of evidence in the course of their arrest which was essential to the defense of the civil matter.  Id.  Despite these facts, the Second Circuit found that the district court did not abuse its discretion in denying defendants' motion to stay pending the resolution of the criminal case.  Louis Vuitton, supra at 12-13.

      The existence of a civil defendant's Fifth Amendment right arising out of a related criminal proceeding thus does not strip the court in the civil action of its broad discretion to manage its docket. Louis Vuitton, supra.  "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254(1936); accord Clinton v. Jones, 520 U.S. 681, 706–08 (1997); see also United States v. Kordel, 397 U.S. 1, 12 n. 27 (1970).  "A district court's decisions regarding the timetable for trial will not be reversed absent an abuse of discretion. To demonstrate an abuse of this discretion, a defendant must demonstrate arbitrary action that substantially impaired the defense." Louis Vuitton, supra, quoting United States v. Beverly, 5 F.3d 633, 641 (2d Cir.1993)(concluding that refusal of district court to grant continuance to permit two of criminal defendant's witnesses to appear at trial was within court's discretion); accord Microfinancial, Inc. v.

Premier Holidays Int'l, Inc., 385 F.3d 72, 77–79 (1st Cir.2004) (deciding district court's refusal to stay civil case in light of criminal investigation not abuse of discretion).

The Supreme Court has explained "that the Fifth Amendment does not forbid adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them." Baxter v. Palmigiano, 425 U.S. 308, 318 (1976).  It is perfectly "permissible" for the trier of fact to draw such adverse inferences.   Louis Vuitton, supra, quoting Keating v. Office of Thrift Supervision, 45 F.3d 322, 326 (9th Cir.1995).  "A party who asserts the privilege against self-incrimination must bear the consequence of lack of evidence, and the claim of privilege will not prevent an adverse finding or even summary judgment if the litigant does not present sufficient evidence to satisfy the usual evidentiary burdens in the litigation." 4003–4005 5th Ave., 55 F.3d at 83; see also LiButti v. United States, 178 F.3d 114, 120 (2d Cir.1999) (noting that it is permissible to give an adverse inference "significant weight," as "silence when one would be expected to speak is a powerful persuader").

A party seeking a stay faces a particularly "heavy . . . burden". Louis Vuitton, supra at 12-13.  The party "bears the burden of establishing its need." Clinton, 520 U.S. at 708. "Absent a showing of undue prejudice upon defendant or interference with his constitutional rights, there is no reason why plaintiff should be delayed in its efforts to

4

diligently proceed to sustain its claim." Hicks v. City of N.Y., 268 F.Supp.2d 238, 241 (E.D.N.Y.2003).

     Our courts have formulated various tests to decide whether to grant a stay. Louis Vuitton, supra.  "These tests, however, no matter how carefully refined, can do no more than act as a rough guide for the district court as it exercises its discretion. They are not mechanical devices for churning out correct results in overlapping civil and federal proceedings, replacing the district court's studied judgment as to whether the civil action should be stayed based on the particular facts before it and the extent to which such a stay would work a hardship, inequity, or injustice to a party, the public or the court." Id., at 12.

     The district court's decision ultimately requires and must rest upon "a particularized inquiry into the circumstances of, and the competing interests in, the case." Louis Vuitton, supra, quoting Banks v. Yokemick, 144 F.Supp.2d 272, 275 (S.D.N.Y.2001) (citing Keating, 45 F.3d at 325); see also 4003–4005 5th Ave., 55 F.3d at 85.  The district court's exercise of discretion need only be "reasonable and in accordance with the law." Louis Vuitton, supra.  " A decision so firmly within the discretion of the district court will not be disturbed [on review] absent demonstrated prejudice so great that, as a matter of law, it vitiates a defendant's constitutional rights or otherwise gravely and unnecessarily prejudices the defendant's ability to defend his or her rights." Louis Vuitton, supra at 12.

In the instant case, the plaintiff has commenced an action against several individual defendant police officers, alleging the use of unreasonable force in the context of an arrest.  Complaint.  This is the sole federal constitutional violation alleged against the defendant Cari, and all individual defendants.  Complaint, at 1.  No allegation is made that defendant Cari conspired against Mr. Proto or deprived him of his rights based upon his heritage or ethnicity.  Complaint.  The claim against Cari includes the misuse of his police canine, resulting in physical injury to the plaintiff.

On the other hand, the essence of the Indictment is that persons of Hispanic extraction ("Latino") were subjected to unconstitutional law enforcement practices centering primarily upon false arrest and selective prosecution.  Indictment.  No such claim is made by the plaintiff in the instant case.  Complaint.  In the Indictment, Cari is accused of participating in a false arrest and an unlawful search, interfering with the right of a citizen to videotape acts of police misconduct, falsifying police reports and misleading federal investigators.  Indictment.  None of the allegations in the Indictment relate in any way to the plaintiff, or to use of force against the plaintiff, nor is use of excessive force by Cari a claim raised in the Indictment.

It is undisputed that the remaining defendants in the instant action are not defendants in any criminal action.  Indictment.

Our Courts have consistently held that, even in parallel, simultaneous civil and criminal cases regarding the identical events, a stay of the civil case is not required.

Louis Vuitton, supra. Here, based upon the mere fact that he has been indicted for violations of *other* constitutional rights of *Hispanic or Latino citizens*, the defendant Cari moves to bring this entire case to a standstill. The outcome sought by the defendant Cari would inappropriately reward him for other, different and unrelated misbehavior, and have the collateral consequence of staying this civil action against four other defendant who have no criminal matter pending against them. On the other hand, the plaintiff will be forced to indefinitely postpone relief for the serious injuries he has suffered as the result of the use of excessive force upon him.

The defendant Cari has not demonstrated, nor can he demonstrate that "denying a stay would cause [him] 'substantial prejudice'". Louis Vuitton, supra; Keating, 45 F.3d at 325. In this "more common case, the Fifth Amendment privilege is implicated by the denial of a stay, but not abrogated by it." Id.

As the Court in Louis Vuitton pointed out: "Indeed, so heavy is the defendant's burden in overcoming a district court's decision to refrain from entering a stay that the defendants have pointed to only one case in which a district court's decision to deny a stay was reversed on appeal, and that case was decided more than thirty years ago." Louis Vuitton, at 13.

## II.    CONCLUSION

For the reasons set forth herein, the plaintiff, Steven Proto, respectfully objects to the Defendant Cari's Motion To Stay Discovery and Proceedings.

THE PLAINTIFF


BY_____/s/_____
       WILLIAM S. PALMIERI
       Law Offices of William S. Palmieri, L.L.C.
       Federal Bar NO. 14361
       129 Church Street,  Suite 311
       New Haven, CT 06510
       PHONE: (203) 562-3100
       FAX:  (203) 498-6076
       Plaintiff's Attorney


## **CERTIFICATION**

I hereby certify that on this date a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by email by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF system. Hugh L. Keefe, Esq.

Lynch, Traub, Keefe, & Errante
52 Trumbull St.
New Haven, CT 06510

_____/S/_____
WILLIAM S. PALMIERI